**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-1452-WJM-KMT

KATHLEEN FISHER,

    Plaintiff,

v.

STELLAR RECOVERY, INC., a Florida corporation,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

---

Plaintiff initiated this action on July 9, 2015 arising out of Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. § 1692e(2)(A), e(8), and e(10).  (ECF No. 1.)  On August 11, 2015, Plaintiff filed a Notice of Acceptance of Defendant's Offer of Judgment.  (ECF No. 9.)  On August 12, 2015, final judgment was entered in Plaintiff's favor in the amount of $1,000.01.  (ECF No. 10.)  The Judgment provides that Plaintiff's costs and reasonable attorney's fees are to be added to the judgment against Defendant.  (*Id*.)  Plaintiff accordingly filed her Motion for Attorney's Fees (the "Motion"), which is now before the Court, on August 26, 2015.[1]  (ECF No. 13.)  On September 16, 2015, Defendant filed its Response to the Motion.  (ECF No. 15.)  Plaintiff's Reply was filed on September 30, 2015.  (ECF No. 16.)  For the reasons set forth below, the Motion is granted in part and denied in part.

---

[1] Costs were taxed against Defendant on August 19, 2015.  (ECF No. 12.)

## I.  LEGAL STANDARD

Under the FDCPA, such awards are granted to successful litigants pursuant to 15 U.S.C § 1692k(a)(3).  Motions for attorney's fees are governed by Federal Rule of Civil Procedure 54(d)(2).

To determine reasonable attorney's fees, the Court must calculate a "lodestar figure" by multiplying a reasonable hourly rate by the hours reasonably expended.  *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005).  Counsel should exercise "billing judgment" prior to submitting a fee request to eliminate any needless, excessive, or redundant hours.  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  Billing judgment should also take into account the experience and relative skill of the billing attorneys.  *Id*.

A district court may use its discretion to fashion an award of attorney's fees it deems appropriate where counsel requests payment for hours other than those reasonably expended.  *Ramos v. Lamm*, 713 F.2d 546, 554–55 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987).  Additional factors to determine a fee's reasonableness include "the complexity of the case, the number of reasonable strategies pursued, . . . the responses necessitated by the maneuvering of the other side," any potential duplicative services, and whether the hours would "normally be billed to a paying client."  *Id*. at 554.  Importantly, the district court "need not identify and justify every hour allowed or disallowed" with respect to legal services rendered.  *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).

## II.  ANALYSIS

Plaintiff claims that her counsel, Mr. David Larson, expended 10.8 hours on this matter. (ECF No. 13 ¶ 19.) Plaintiff also claims that her attorney expended two additional hours reviewing the Response, researching cited case law, and drafting a Reply. (ECF No. 13 ¶ 20; ECF No. 16 at 10.) Plaintiff claims that a reasonable hourly rate for Mr. Larson's work was $350.00 and accordingly seeks $4,480.00 in attorney's fees. (ECF No. 13 ¶ 20.) Defendant contends that $350.00 is not a reasonable hourly rate for Mr. Larson's work; rather, $250.00 is a reasonable hourly rate. (ECF No. 15 at 5–6.) Defendant also argues that Plaintiff's claim of the time expended by Mr. Larson on this matter is excessive and unreasonable. (*Id*. at 6–7.)

## A.   Reasonable Hourly Rate

Plaintiff provides the Affidavit of Richard B. Wynkoop to support her assertion that $350.00 is a reasonable hourly rate for Mr. Larson. (ECF. No 13 ¶ 31; ECF No. 14 ¶ 13.) However, Defendant points out that Mr. Larson has previously indicated that $250.00 was an acceptable hourly rate. *See Garcia v. Midland Credit Mgmt., Inc.*, 2015 WL 4911544, at *1 (D. Colo. Aug. 18, 2015). In another case—in which the defendant was Stellar Recovery, just as in the immediate case—Mr. Larson claimed that $250.00 was an acceptable hourly rate. *Sanchez v. Stellar Recovery, Inc.*, 2015 WL 3646983, at *1 (D. Colo. June 11, 2015).

Nevertheless, the undersigned has previously found that a $300.00 hourly rate is reasonable for a partner litigating an FDCPA case. *Reynolds v. Precollect, Inc.*, 2013 WL 3786645, at *3 (D. Colo. July 19, 2013). Additionally, other judges of this Court have, on two recent occasions, held that $300.00 was a reasonable hourly rate for Mr. Larson in an FDCPA case involving Stellar Recovery as the defendant. *Harper v.*

*Stellar Recovery, Inc.*, 2015 WL 7253239, at *2 (D. Colo. Nov. 16, 2015) ("$300 per hour—is the prevailing market rate for someone with Mr. Larson's experience and skill to handle an FDCPA matter . . . ."); *Sandoval v. Stellar Recovery, Inc.*, 2016 WL 74941, at *2 (D. Colo. Jan. 7, 2016). Accordingly, the Court finds that $300.00 is the reasonable hourly rate for Mr Larson's services in this matter.

**B.    Hours Reasonably Expended**

Mr. Larson has been in practice for 14 years and has litigated over 2,300 FDCPA cases. (ECF No. 14-1 ¶ 7,) *see also Harper*, 2015 WL 7253239, at *1. Because of Mr. Larson's extensive experience litigating FDCPA cases, Defendant argues that Mr. Larson should require less time to advise his client and less time to draft FDCPA complaints, form motions, and other documents common to this type of matter. (ECF No. 15 at 7–8.)

The Court has reviewed the Motion and accompanying documentation and agrees with Defendant that Plaintiff's fee request is excessive. As U.S. District Judge R. Brooke Jackson stated in his September 24, 2012 Order on Mr. Larson's Motion for Attorney's Fees, Mr. Larson should be able to efficiently litigate FDCPA matters:

> The preparation of a complaint in this case was a relatively simple process. This is not complex litigation. Mr. Larson has filed an astonishing number of these cases in this district alone. . . . Mr. Larson, as apparently one of the leading specialists in this type of litigation, deserves to be reasonably compensated. However, the fact is that this is high volume, small dollar, non-complex litigation. The efficiencies of scale that Mr. Larson has achieved, to his credit, sometimes enable him . . . to "investigate" the facts, prepare pleadings, and negotiate settlements with small investments of time. Such was the case here.

*Ellis v. Midland Credit Mgmt., Inc.*, 2012 WL 4356251, at *4 (D. Colo. Sep. 24, 2012).

Furthermore, Defendant claims that Mr. Larson submits the same motion for attorney's fees "in every case," and his pleadings vary "only as to a few paragraphs dealing with the specific alleged violations, most of which share a common theme and theory of liability." (ECF No. 15 at 6–7.) The duplicative nature of these documents, between cases, should also allow Mr. Larson to efficiently litigate FDCPA matters.

The Court finds some of Mr. Larson's largest time entries in this matter to be excessive. For example, Mr. Larson spent 3.5 hours meeting with the client, listening to an audio recording, and reviewing credit reports. Mr. Larson then spent 1.8 hours reviewing the audio recordings and credit reports *again* and drafting the summons and the Complaint. Mr. Larson also spent 0.5 hours reviewing Defendant's Answer to "compare [it] to allegations in Complaint"; 1.4 hours drafting the instant Motion; and 2 hours working on the instant Reply. (ECF No. 13 ¶ 20; ECF No. 13-1; ECF No. 16.)

In *Harper*, Mr. Larson spent almost the exact same amounts of time on the tasks listed above as he did in this case; in that case Mr. Larson spent an additional .1 hours in the initial client meeting and .1 fewer hours on the Complaint. *See Harper*, 2015 WL 7253239, at *3. In that case, this Court found that Mr. Larson's time entries were "somewhat excessive in view of the efficiency Mr. Larson should be expected to achieve given his skill and experience." *Id.*; *see also Sanchez*, 2015 WL 3646983, at *2 (finding that some of Mr. Larson's time entries, including 1.9 hours for drafting the summons and Complaint and 1 hour for drafting the motion for attorney's fees, were "excessive").

Additionally, in the case at hand, Mr. Larson spent 1.5 hours in a second meeting with Plaintiff in which they, among other things, listened to the audio recordings and reviewed the Offer of Judgment. (ECF No. 13-1.) In *Harper,* the Court decided that

these two actions at an equivalent meeting were redundant because Mr. Larson had already listened to the recordings and had already communicated with Plaintiff as to the Offer of Judgment via phone and mail.  *Harper*, 2015 WL 7253239, at *3.  The Court finds these same actions in this case to be redundant, and for the same reasons.

The Court accordingly finds that Plaintiff's fee request is excessive, and warrants a reduction to account for Mr. Larson's inefficiencies in handling this matter.  The Court finds that the following reductions are appropriate: a reduction of .4 hours from the 3.6 hours Plaintiff billed for meeting with the Plaintiff, listening to audio recordings, and reviewing credit reports; a reduction of .5 hours from the 1.8 hours Mr. Larson billed for reviewing records and reports for a second time and drafting the summons and complaint; a reduction of .5 hours from the 1.5 hours Mr. Larson billed for his second meeting with Plaintiff; a reduction of .4 hours from the 1.4 hours Mr. Larson billed for the instant motion; and a reduction of 1 hour from the 2 hours Mr. Larson billed for the Reply.

For the reasons set forth above, he Court finds that Mr. Larson reasonably expended 10.0 hours on this case.  Ten hours multiplied by Mr. Larson's reasonable hourly rate of $300.00 results in a lodestar amount of $3,000.00.  The Court will therefore award Plaintiff $3,000.00 in attorney's fees, rather than $4,480.00 as the Motion requests.

### III.  CONCLUSION

For the foregoing reasons, it is ORDERED that:

1. Plaintiff's Motion for Attorney's Fees (ECF No. 13) is GRANTED IN PART to the extent that Plaintiff is awarded $3,000.00 in attorney's fees and DENIED in all

other respects.

2.  The Clerk shall enter a judgment for attorney's fees in the amount of $3,000.00 with post-judgment interest at the statutory rate until paid.

Dated this 3rd day of March, 2016.

BY THE COURT:

_____
William J. Martinez
United States District Judge